FORET, Judge.
In this suit, plaintiff, Progressive Savings & Loan Association, sought the balance due on a promissory note and the foreclosure of the chattel mortgage which secured the note. Defendants, Pauline Willis and the Succession of James H. Willis, filed a reconventional demand alleging that plaintiff, as insurance agent or broker, had failed to obtain credit life insurance requested by defendants at the time they contracted the loan with plaintiff. The trial court rejected defendants’ reconventional demand and rendered judgment in favor of plaintiff for the balance of the note, with interest and attorney’s fees. Defendants appealed.
The sole issue on appeal is whether the trial court erred in finding that defendants had not sought credit life insurance when they applied for a loan from plaintiff.
In June of 1982, in connection with the purchase of a mobile home, Mr. and Mrs. James Willis executed a promissory note payable to Progressive Savings & Loan Association in the sum of $10,269.60. The note was secured by a chattel mortgage on the mobile home. In November of 1983, Mr. Willis died suddenly. Following Mr. Willis’ death, payments on the note became delinquent, and plaintiff brought suit to collect the balance due and enforce its chattel mortgage.
Defendants contend that Mr. and Mrs. Willis requested life insurance at the time they applied for the loan but that plaintiff failed to provide it. The trial court, however, found that Mr. and Mrs. Willis did not request such insurance and, in fact, had made a specific and knowing decision not to apply for such insurance. After carefully reviewing the record, we find that the trial court’s determination in this regard was correct.
Mrs. Willis, although present, did not participate in discussing the details of the purchase of the mobile home and the loan. She could not say that Mr. Willis had, in fact, applied for credit life insurance. Her insistence that Mr. Willis had applied for credit life insurance was based on the fact that Mr. Willis had always applied for credit life insurance in the past and on her belief that he would have applied for it in connection with the loan for the mobile home.
On the other hand, the salesman for the mobile home dealer, Randy Sandel, testified that he clearly remembered his dealings with the Willises. He remembered that it was Mr. Willis who had brought up the subject of credit life insurance and said that it was unusual for a customer to do so. He testified that he discussed the premiums for credit life insurance and had even shown Mr. Willis the figures on a slip of paper. (The slip of paper was entered into evidence by plaintiff as Plaintiffs Exhibit # 8.) Sandel testified that after their discussion, Mr. Willis informed him that he did not want to apply for credit life insurance. Defendants have cited the case of Havard v. Provident Life Insurance Company, docket number 15,739, (La.App. 2 Cir.1984). The trial judge in the instant case, who was also the trial judge in the Havard case, also referred to the Havard decision in his reasons for judgment. How *228 ever, this Court, having been unable to find any published report of the Havard case, contacted the Clerk of Court of the Second Circuit Court of Appeal and was informed that Havard ended up in a five-judge rear-gument, and a judgment was rendered on January 16, 1984. An application for rehearing was filed January 30, 1984, and before disposal of the matter on rehearing, the case was dismissed, by joint motion of counsel, on February 23, 1984. Therefore, Havard v. Provident Life Insurance Company stands for nothing as far as this Court is concerned. But, the learned trial judge heard both Havard and this case at the trial level, and he distinguished this particular case from Havard, finding the Havard decision inapposite. We will not disturb the trial judge’s findings.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by defendant-appellant.
AFFIRMED.